Good morning, Your Honors, and may it please the Court. A defendant's decision to proceed to a limited short bench trial solely to preserve his appellate rights does not preclude him receiving credit for acceptance of responsibility. The District Court's decision to the contrary was a legal conclusion that does not deserve deference from this Court, and the case should be remanded for resentencing. Mr. Cheatwood in this case demonstrated his acceptance of responsibility in several ways, and he did not contest factual guilt. The District Court's decision that his motion to suppress contested factual guilt should not be given deference by this Court. Mr. Cheatwood filed a motion to suppress, and the Court denied it without a hearing. That motion was at least alleged, or the motion dealt with the credibility of law enforcement officers, and when he was not given a hearing, that was the end of the motion, right? The government did not offer him a conditional plea, so Mr. Cheatwood was presented with the option of pleading guilty and never arguing his motion to suppress or never having the ability to contest his stop or the police officer's actions, or proceeding to a bench trial where he did not contest that he was ever in possession of a firearm. Instead, at that bench trial, he was faced with a difficult decision of staying silent, and had he stayed silent, there would not have been any record, again, that he wanted to develop for the motion to suppress. So if Mr. Cheatwood had stayed silent and stipulated to everything at that bench trial, he really would not have been able to appeal the motion to suppress, because he had an opportunity there to develop the record that he wanted to make. When you said there was no hearing, that was the end of it, is that the equivalent of the judge decided a hearing wasn't necessary, and he ruled and made a decision based on the writings? Correct. The judge did, in this case, decide that a hearing was not necessary. The government asked the court to deny it without a hearing, and the court did so. But then your argument is, you can then go to trial to have the hearing that you were denied on your motion to suppress, and I understand you certainly have the right to do that, and then say, but I'm accepting responsibility. The point that I'm making is, I don't think if Mr. Cheatwood had stayed silent. It seems like what you're saying. I don't mean to cut you off. Go ahead. Certainly. If Mr. Cheatwood had stayed silent and not questioned any, because he did not present to the evidence. Not litigated his motion to suppress. Right. At his trial. If he had not litigated that, then I think this court would have said that the decision to not grant him a hearing, which is something he could have appealed as well, was essentially waived by him not questioning these officers at all. You think? I tend to doubt that, but it just seems like what you sort of need to argue is that Mr. Cheatwood was preserving his right to appeal on suppression, but in fact, he was litigating his suppression motion, and those strike me as two different things, but I guess you're trying to say, no, in this case, it's one and the same. You can't preserve without litigating. I think that if he had refused to litigate at all, if he had refused to develop the record whatsoever, he wouldn't have been able to appeal the court's denial of his motion without a hearing, because I think then he was given the opportunity, at least, because the government in this case, here's why, the government . . . Is there an authority for that, that if somebody wants to preserve a denial of a motion to suppress without a hearing, and then sits silent at a trial in order to preserve that, is there a case where the government has said, you've waived your right to appeal the suppression motion because you didn't cross-examine witnesses during your trial? There's not a case that says exactly that. There is, I believe, the 11th Circuit, and I can pull up the case, the 11th Circuit indicated that that would not be an issue, right? In our case, what we were doing was simply trying to preserve the record as best we could. Had the government not called certain witnesses at trial, that wouldn't have been an issue. For example, the government . . . But they had to call the witnesses because you didn't stipulate to possession. So the government had to call certain witnesses, but the government also called a number of witnesses that were related not to possession of the firearm, but entirely to the stop. For instance . . . But the stop is how they know about the possession. You have to show where he is in reference to the gun, and usually when the government puts on a case, it kind of gets to tell the story. Here's how we came to be in a position to understand that he was possessing the weapon. Correct. The government could have called, for instance, the officer. I think that's a necessary witness, the officer who finds the firearm, officers who see Mr. Cheetwood driving the vehicle. The government also called, and the government makes a note of this in the brief, that there was extensive cross-examination, largely of a dispatch officer. Not necessary at all to prove that Mr. Cheetwood was in possession of a firearm. Instead, that was really . . . it appears it bolstered the government's argument that the stop was lawful. But that took up much of the short bench trial, was questioning about that specific . . . questioning of that witness about the sequence of events that led up to the stop. But the government also had a confession recorded of Mr. Cheetwood where he admitted to a police officer to possessing the firearm. I thought he admitted to buying it. He admitted to buying it and having it. So, I believe his confession was that . . . I think the officer, what he said is, this was a firearm and he admitted to buying it. I think effectively that's . . . No, I mean, I thought for possession . . . like, if I bought a firearm but I'm nowhere near it, like, I don't . . . I thought for possession they have to show control and dominion over the gun? They would. I think what he said in response to the officer's question is, I think effectively a non-denial and essentially admitting to buying the firearm and being stopped in that, I think is effectively a confession. So, the government could have called essentially fewer witnesses, shortened the trial, related solely to his guilt, and then Mr. Cheetwood would have not essentially presented or litigated the motion to suppress because none of the officer's testimony about his possession of the firearm was contested during cross-examination or during argument at all. And I believe I'm saving my four minutes. Oh, that was quick. That was quick. Okay. Counsel? Counsel, you had 11 minutes. Counsel, you had 11 minutes. Oh, I thought the light came on. I thought the light came on at . . . No, no, no. My fault. It's set for your first . . . That makes sense. Not your rebuttal. I apologize, Your Honor. No, it's your fault. So, essentially, the argument that I'm trying to make there was that Mr. Cheetwood, the most of the cross-examination here and what the court said was the reason why he was not accepting responsibility was focused largely on witnesses that were not necessary to prove his factual guilt. And what the district court decided, which was that by litigating the motion to suppress, he was contesting his factual guilt, is not something . . . It's something that the court cited to a Judge Payne's decision in the Eastern District of Virginia, but it's not something this court has ever held. And, in fact, most cases where there are motions to suppress do result in a guilty plea. And defendants still get credit for accepting responsibility. But a guilty plea is neither necessary nor sufficient for acceptance of responsibility. Counsel, what about . . . I think at trial, Mr. Cheetwood did argue all the way through closing that the government hadn't proven the nexus element of the offense. Don't we have a lot of cases saying if you are arguing that one of the elements of the crime has not been satisfied, that's contesting guilt? I believe the argument that was made, and this is mentioned in a footnote in our brief, was that the knowingly requirement had to apply to the nexus. Not that the government didn't prove the nexus or that he knowingly possessed the firearm, but that the government had to prove that he knowingly possessed a firearm that traveled in interstate commerce. So that was sort of . . . That's a legal argument, not contesting that he knew that he possessed the firearm, just whether the government had to prove that the gun he possessed, that he So that was the argument that was made. It's not saying that he didn't know anything. So you don't . . . I mean, we do have all of these cases saying that if you accept the facts as presented by the government, but say that doesn't add up to one of the elements of the crime, that is contesting guilt for these purposes. So the court has said, and Dickerson is the main case on point where . . . I'm thinking of Smoot, which was actually about the interstate nexus, but yeah, Dickerson too. At least where Dickerson, where you've got the defendant who's admitting that he lied, but he's contesting materiality. The court of appeals said that's not acceptance or responsibility. Obviously, because if somebody's saying, I lied, but it doesn't really matter, that's not admitting to committing perjury. But in this case, what the argument was, was not, again, that the government failed to prove nexus or failed to prove knowingly, but it was an argument that knowingly should have . . . It's sort of like a rehape issue, that knowingly should apply to this element, and there wasn't evidence of that presented. So that's not saying that Mr. Cheatwood . . . It's not contesting his guilt there. It's contesting whether the government's evidence should have to show more, and that's an argument that Mr. Cheatwood did not raise on appeal that we could have, but he chose not to. I look at the note that all . . . Two points. That's what we're talking about here. Correct. I look at the note. It says situations have got to be rare where a defendant goes to trial and gets the two points, and this is not listed as one of those rare examples. So the Sentencing Commission, in the commentary, does provide, obviously, an example, but it's a non-exhaustive example. There's one example that says, this may, for example, occur when a defendant goes to trial solely to preserve issues not related to factual guilt. If this is not that case, it's hard to think of what would be. Most of this Court's decisions affirming these are in unpublished opinions where the discussion is about whether the District Court clearly erred. We're arguing that the District Court's conclusion that filing a motion to suppress and contesting that at trial, litigating that during the bench trial, that the District Court's conclusion that that is contesting guilt is a legal conclusion. I see a common thread between the two examples that would give the government notice that it didn't have to bring in a certain set of witnesses, and your situation is very different. I think that the efforts the government had to undertake in order to meet the defense mounted at trial is dissimilar, sufficiently dissimilar from those rare examples. It sounds to me like your situation is very different. The difference between this case and those is, again, that the only defense mounted at trial was not a defense to whether Mr. Cheatley possessed a firearm. It was solely related to arguments made in his motion to suppress. All of the questions, all of the testimony, all of the cross-examination was about the motion to suppress. Did he stipulate to every essential element of the crime? He did not, nor is it required that he stipulate to every element of the crime. He did not stipulate to possession. He stipulated to a few things, in part because had he potentially stipulated to possession and everything, there wouldn't have been a hearing. His entire purpose in appealing, or in attempting to appeal, was to try to appeal the court's denial of his motion to suppress. But he couldn't get that in a plea agreement? There was no conditional plea offer. That's what's also different in this case and a few other cases where the court has affirmed the denial of acceptance or responsibility when somebody's gone to trial. Here, there was no conditional plea. I'm just having trouble, I guess, and maybe there's, I can't think of a sharp question about this, but for you, it's sort of like an extenuating circumstance. I'm not quite saying it right, but he's denied a hearing on his motion to suppress, so he goes to trial to get one anyway. Forget that. I know you said I don't get a hearing. Well, then I'll have a bench trial and that'll be my hearing. I fully understand that a defendant is within his rights to do that, but I am just having some trouble reconciling that with, and that's how he accepted responsibility. It doesn't seem like he's accepting responsibility of doing that. He's not accepting responsibility by going to trial. That's correct. It doesn't seem like it's consistent with accepting responsibility. I mean, your whole claim is, look, the officers are lying about everything. They fabricated a cover story, and the district court says, I'm looking at all the documentary evidence, the dispatch records. It all contradicts that. You don't need a hearing. Then he goes to trial and he cross-examines the same police officers who are relevant to his suppression motion and continues to challenge their credibility and try to prove that they are lying. Again, 100% within a defendant's rights to do that, but it doesn't really seem to me consistent with accepting responsibility. It's consistent with accepting responsibility because that happens in very many criminal cases where motions to suppress are filed, and that doesn't mean that a defendant can't get credit for accepting responsibility. No, but does it happen like this in many cases where people get credits for accepting responsibility? They file a motion to suppress. They're denied a hearing. They use a bench trial to litigate the suppression motion that the judge already said. You don't have to litigate, and then they get acceptance of responsibility. I could not find one. I don't think there is a case like this at all. I think had Mr. Chiefwood received a hearing on his motion to suppress, then the decision to question officers at trial would have been entirely different, but because he didn't have any opportunity to do so and he wanted one of the things he was going to appeal was the refusal to allow him to question those witnesses about the motion to suppress. How is he going to appeal that now? He questioned them. Exactly. Had he appealed that the court did not give him a hearing and then he were given an opportunity to question these witnesses, particularly when the government is asking them questions directly about the suppression, had he refused to say anything at all, I think this court would say you had that opportunity. I would not. I would say obviously you couldn't cross-examine them in defiance of the district court's decision not to give you a hearing and then claim acceptance of responsibility. That's why you didn't question them. The government elicited testimony specifically about the motion to suppress. I think had the government not done that, the decision might have been different. We have a strange combination of circumstances here that doesn't happen. In most cases, defendants get a hearing on motions to suppress. In most cases, they're not going to have to have a bench trial to try to litigate that issue. In this case, he just had that opportunity and the government was asking questions about it. I do think that this court might have said, or at least it was potential that the government could have argued that he has now waived that argument because he refused to question the witnesses. Counselor, a question. Was that a strategic decision to conclude that preserving the two points was better than trying to fully fight the motion to suppress at trial? Because you still could put that on, couldn't you? In other words, you made a decision. Are you questioning, are you now contending that it was error not to grant the motion? No. That's what I'm saying. So you gave that up and you now want the two points. We gave it up because it was clear from the record that was established during the trial and from questions the government got out as well that the claims Mr. Cheatwood made in the motion to suppress would not have succeeded. So you tested it there? Correct. The motion was essentially made moot by the trial testimony because the trial testimony supported the government's claim that the police acted reasonably here. Had Mr. Cheatwood been able to make that opportunity in a motion to suppress hearing and had he heard that same evidence, again, by deciding not to appeal that here, I think that indicates he would have pled guilty and accepted responsibility. The only difference here is the timing of the hearing where he made those claims. But again, he's not contesting factual guilt at all during those. It was only related to the motion. Most defendants who file motions to suppress who later plead guilty do get credit for acceptance or responsibility, or at least the court doesn't say because you have litigated this motion to suppress, I'm denying your ability to get credit for acceptance or responsibility. The only difference there is a guilty plea, but Mr. Cheatwood wouldn't have been able to make that argument to test his claims had he pled guilty because a conditional plea was not offered. I feel like the other difference is that in those cases there's not a district court judge who has looked at all of the evidence and said you don't need a hearing. Correct. The difference I think being Mr. Cheatwood was challenging the credibility of law enforcement officers, and the district court didn't hear their testimony. Essentially the district court determined they were credible based on police reports from other officers. And the dispatch records. And the dispatch records, right. It seems like there had been a misunderstanding in how to interpret the dispatch records. The district court thought, yeah. And it was clarified at the motion to suppress. Not the motion to suppress. It was clarified during the testimony at trial by the dispatch officer who, again, was not necessary at all to prove the government's case. So you didn't know that the motion to suppress was a loser until trial. Correct. So you tested that. That's what testing . . . The acceptance of responsibility is that you don't put the government to the test of proof. But you did because you were looking to see whether or not there was a window of opportunity that you may be able to be successful at motions to suppress at trial, right? Were you not? We were. But then you put them to the test. Only about the motion to suppress. Not about factual guilt. But that's the same thing. It ends up to be an acquittal. So I don't want to get philosophical about it, but the thing about accepting responsibility as a misnomer, it really is saving the court time in a sense, right? I disagree. Okay. All right. And I think in practice that is correct. In practice, defendants get two points off and three points off because they plead guilty, and they do very little else. But the law and the sentencing guidelines make clear that the plea of guilty itself is, again, it's neither necessary nor sufficient. And this Court has said that it doesn't matter whether, for example, a defendant elects to have a bench trial or a jury trial. Acceptance of responsibility can still be given under either of those circumstances. In a bench trial, we're saving significant time and resources. In this trial, it was about two hours long. It was about as long as a motion to suppress hearing would have been, especially when all of that testimony essentially focused on the motion to suppress. And litigating suppression issues is not inconsistent with acceptance of responsibility, particularly where you're challenging police officers' conduct and not at all contesting whether the government has actually proven the elements here, which is that he is in possession of a firearm. But you're saying the judge made a wrong decision when the judge said a hearing isn't necessary, and you're challenging that. We're not now challenging that, no. But at the time when he sought to litigate an issue, he wasn't given an opportunity to do so, and then witnesses were called about that very issue. And the choice there is stay silent and potentially lose this appeal anyway, or ask the questions you would have asked at the time. Again, not related to guilt, just about the motion to suppress. And that's what he chose to do, thinking that he could get credit for acceptance of responsibility because you're not contesting whether the government has actually proved that he was in possession of a firearm. Did you move again in the trial to strike certain testimony? I believe I renewed the motion to suppress. At the end of the government's case, we did not call any witnesses to present any evidence. I believe it was a rather perfunctory motion. And you got another ruling on it? Correct, and the court did deny it again. That's my recollection. Thank you. Thank you. Ms. Taylor? Good morning. May it please the court, Laura Taylor on behalf of the United States. The simplest way to affirm in this case would be to write an opinion that essentially mirrors United States v. Hudgens. And that opinion would hold that the district court acted within its wide discretion and did not clearly err in concluding that the defendant had failed to meet his burden of clearly demonstrating acceptance when he refused to stipulate two three elements of the crime and all three related to the firearm, including the essential element of guilt, which is possession of the firearm. May I ask you this question, Ms. Taylor? If he had gotten a hearing on a motion to suppress and lost and then pled guilty, he would have gotten the two points, wouldn't he? Yes, Your Honor. Yeah, but then I think maybe what I hear in saying that, the problem is by not giving him a hearing in the first instance, you jeopardize that. I mean, not you, but the court. So to jeopardize that because I don't get a chance to. The only way I can now kind of hear it out is at a trial. The same thing I would have done in the front end, heard it out, lost, and said, okay, I'm pleading guilty, get my two points. Instead, I'm forced to come to trial to do that, to try to get the two points. We're here now saying that you go too far in cross-examination on your effort that would justify not getting the two points. But don't you agree that in a sense that kind of set him up? Because you admit that if he had gone to a suppression hearing and counsel made the point, his hearing would have been no longer than what the trial was. So it's not about saving time here. You'd have spent the same amount of time. He would have pled guilty, and then he would have had his two points. I mean, that's what I think he's arguing. Can you respond to that? Happy to, Your Honor. And I guess the short answer is respectfully no. I think there is a significant difference between No, what? Maybe. No, I do not think he would still be entitled to a two-point reduction if he tests his motion to suppress by litigating it at trial. No, no, no. You already said he would have gotten it if he had just ended there. Yes, Your Honor, and that's a crucial distinction. That here, in this case, the district court decided that the motion to suppress was so frivolous and so baseless that it did not warrant a hearing. And Mr. Cheatwood, at that point, had a couple of options. He could have pled guilty and potentially, in all likelihood, received his two acceptance points, unless he somehow changed his mind about his guilt. Or he could have gone to a stipulated bench trial where he admitted all of the elements of guilt. Or he could have done what he did, which is not admit his guilt, refuse to stipulate, and instead re-litigate his suppression motion. And by choosing option three, he forewent his acceptance of responsibility points. Or it certainly was within the district court's wide discretion to conclude that he had forewent them. This might be a stupid question, but were the district judge denied the motion to suppress? Would it have been within the district judge's discretion not to let in at the bench trial any evidence of or relating to that issue since it had been decided? These hypotheticals are interesting because they ultimately are a problem of the defendant's making. He could have stipulated to all of the elements of the offense. And then we would not have needed to call any witnesses. And the question of whether or not the witnesses could talk about how the car was pulled over, why there was a traffic stop, and the resulting discovery of the gun, none of that would matter. Because the defendant would have accepted responsibility, stipulated to the elements, and we would have had a stipulated bench trial. But here, once the defendant refused to do that, then the government had to put on a case. And usually the government puts on its case by explaining how and why it pulled over a defendant, why it searched the car, on what basis it searched the car, and what it found. So I think it would be an oddity to have a trial where the government would only put on evidence that it found a gun without explaining why the law enforcement officer was in the car in the first place. But the issue of suppression, it's been decided. And usually I get a motion in limine where that's the case from the government before the trial requesting to keep out those issues because they've been decided. Did you think about anything like that here? Yes, Your Honor, I see your point. However, I read the transcript to suggest that what the prosecutor did here was explain in narrative, chronological fashion how it came to be that law enforcement found the gun. There was a law enforcement officer on duty. He saw Mr. Cheatwood. He had a recollection that Mr. Cheatwood had an outstanding warrant. He called in to confirm that, in fact, there was an outstanding warrant in order to legally justify the traffic stop. The traffic stop occurred. There was plain view criminal activity. A search of the vehicle occurs, and drugs and guns are found. Excuse me, singular guns found. I don't read the transcript as the prosecution trying to, in any way, on its own, litigate the suppression motion. To the contrary, the government would have been perfectly happy to have Mr. Cheatwood stipulate to the factual elements and not call any witnesses. I feel like, in this sense, the hypothetical really is, again, of Mr. Cheatwood's own making because he refused to stipulate to the essential element of guilt. It was this refusal that required the government to call witnesses and is the very reason why the court acted within its discretion in denying acceptance points. Indeed, as Judge Harris indicated in her questioning to my opposing counsel, it would seem like to hold otherwise would mean that a district court can never deny a hearing on a motion to suppress without automatically, essentially, opening the door up to acceptance points because then a defendant would simply go to trial to re-litigate the suppression issue that the district court found was so baseless it didn't warrant a hearing in the first place. This would waste judicial resources and result in a district court not able to manage its courtroom effectively. I want to emphasize here that the guideline itself is highly discretionary. In fact, there's only one part of the guideline that really requires the district court to do anything, and that's the very first part of the guideline that says if a defendant meets his burden of clearly demonstrating acceptance, then the court should award the points. But the rest of the guideline, and especially the application notes, are advisory, and they are worded to give the district court guidance on what it could do or what it may do, but there is nothing in the commentary or the application notes that requires the district court to do anything. In this case, the district court presided over all the pretrial proceedings, presided over the bench trial, and was in the best and unique position to determine whether or not Mr. Cheatwood had truly accepted responsibility. She concluded within that wide discretion that he had not. She says specifically that he denied an essential factual element of guilt, and here, in fact, he didn't stipulate to three. On appeal, given the great deference accorded to the district court, it simply was not clearly erroneous to not award acceptance points in this case. I'm happy to discuss anything else the court may have. If there are no further questions, I'm also happy to rest on the government's briefs. Counsel, just to clarify very quickly, if I'm remembering right, there were sort of two arguments in your brief. One was the one you just made, and then there was also this idea, and it's maybe alluded to by the district court, that even if you just stipulate to everything, sit quiet, a suppression, like trying to preserve a suppression issue, you still wouldn't qualify because suppression does relate to factual guilt within the meaning of this rule. Are you not really pressing that one too hard before us today? We are, Your Honor. We think that's a valid affirmative basis to affirm the district court, and I'm happy to speak to it. As Your Honor alluded to, the district court found that a motion to suppress relates to factual guilt, at least in the broad sense, and that when reading Application Note 2 to the guideline, that the application note speaks only of one example where if you go to trial, you may nonetheless still receive your acceptance points, and that is when you are preserving an issue that does not relate to factual guilt. The district court used that as an additional basis to deny acceptance points here. Again, emphasizing that the application note is worded in terms of may, not must. Under any circumstance, the application note still would afford the district court discretion, but you are correct, Your Honor, that the district court found here that a motion to suppress relates to factual guilt and therefore falls outside of Application Note 2 anyway. I really so appreciated your candor in your brief, if you wrote this brief, in discussing our precedent on that because it does seem like we passed on that issue in Muldoon in a way that would at least create some tension, were we now to turn around and agree that suppression motions sort of per se outside the scope of this exception because they relate to factual guilt. My understanding of Muldoon, which granted was, I think, from 1991, so a long time ago and there has not been much case law interpreting it since then, but is that this court held that going to trial in order to preserve an appeal of a motion to suppress does not automatically disqualify you. But it may not mean that you remain eligible, that the district court still has discretion because the way Commentary Application Note 2 is worded, it gives full discretion to the district court on whether or not to award. In this case, the district court reviewed anew whether or not the motion to suppress related to factual guilt, concluded it did, and used that as an additional discretionary basis. I don't think Muldoon precluded the district court from doing that and regardless of the legal question, because it is a may and not a must, the district court would still have discretion to have acted anyway. I would also add that with respect to the narrow legal question about whether or not a motion to dismiss does or does not relate to factual guilt, as Judge Gregory indicated in his questions to my opposing counsel, relating to factual guilt is a broad term. There's nothing in the application note that says that you have to preserve an issue, for example, only on a question of law or only on a question of fact or only on a constitutional challenge. It says very broadly that if you go to trial in order to preserve an issue that does not relate to factual guilt, then maybe you keep your acceptance points. But it is silent on what happens if you try to preserve an issue that does relate to factual guilt, thereby leaving the district court with full discretion. Likewise, it's silent on what relate to factual guilt actually means. We would encourage the court to afford that term very broad meaning and when a motion to dismiss or, excuse me, a motion to suppress seeks to exclude the essential evidence of a defendant's guilt, like in this case the gun, then by definition it would relate to factual guilt, at least in the broad sense. It was certainly not clearly erroneous for the district court to conclude that given that there is no clear guidance or definition in the guideline. Would you agree, counsel, that the core value of, I guess, accepting responsibility is saving time and investigation in a trial? I think there are dual core values. One core value would be showing contrition for your conduct and another core value would be saving the government resources. Do you think they have both? My understanding of the guideline is that when the defendant clearly demonstrates acceptance, in other words, admits to having done the conduct of which he has been accused, then he has satisfied the first two points. Then the third point can be added for a timely notification of your acceptance in order to save the government additional resources. Application note 2 then goes on to say that with respect to a defendant who puts the government to its burden at trial, the acceptance of responsibility enhancement generally doesn't apply, although it may be applicable in a singular instance within the district court's discretion. I take it for what it says. It says acceptance of responsibility. Based on the text of that, wouldn't it have to be the contrition part of it that you remorse or you accept what you did was wrong? Isn't that the main part of it? It's supposed to be the main part of it? I think the thrust of the case law would say that admitting to your conduct is the primary part of acceptance of responsibility and that saving the government resources and not putting the government to its burden at trial is the other part of acceptance of responsibility. Isn't that basically the same thing if a person goes for a motion to suppress, but then pleads guilty after that? What has been the difference in contrition or time when the trial lasted no longer than that initial motion to suppress would have been? I'm trying to figure out an equation. Time, contrition. You see this the same thing. You tried to get out of it by a motion to suppress. Both of those are the same thing. Why is one contrition and one is not and they're both the same time? He didn't save any more time. Most of the time, counsel said. I take it for his word. He's an officer of the court. He said my motion to suppress the hearing would have taken no more time than this trial did and I'm doing the same thing somebody would have done it the same way. They lose motion to suppress. They plead guilty. They get the two points. I don't see any difference in an equation of contrition and time in those two. Can you tell me that? Yes, your honor. I would start by saying the district court denied the request for a hearing. The district court said it is not worth the judicial resources to litigate your frivolous and baseless motion, but the defendant did not accept that. That's the same thing as a person who goes to any motion to suppress. The court doesn't say, well, this one is good. I'll hear this one. I mean, you have a right to defend yourself in terms of a Fourth Amendment claim. That's no difference. I don't see the difference because one, the court said you couldn't. That's my whole point. Isn't the scale even by I have to do it on this side because you wouldn't allow me on the front end? No, your honor, the scale is not even there because although the defendant, of course, has a right to challenge the constitutionality of the search and seizure, he has that right by bringing a motion, and if the motion is so frivolous and so baseless and so full of a manufactured narrative that the district court can decide without a hearing that it should be denied, he no longer has the right to actually go to trial and relitigate his suppression motion and still accept acceptance points. Oh, and another thing to this case, and you'll say it because he defied a ruling that it was frivolous and still did so. If it had been in pretty good case, then it's okay to go to trial and just do that. He says based on the fact that it was frivolous? No, your honor. It's based on the fact that the district court denied the hearing on the motion to suppress, and in order to deny that hearing, the court would have to find that there's no reason to hold the hearing because the allegations, for example, are frivolous or speculative or pure conjecture, and that the merits can be resolved on the documentary evidence, which is what occurred here. The district court looked at the motion, looked at the documentary evidence, and found that there was no need for a hearing, but the defendant wanted to litigate the hearing anyway, and so he went to trial, as he's conceded today in this courtroom, in order to develop the record on the suppression issue. That is the reason he went to trial, according to him this morning, and he then developed that record, but still wants his acceptance points, and as Judge Harris indicated, there is a tension between re-litigating a suppression hearing that the judge already denied. I have one last question for you. Yes, your honor. Given that you said it was frivolous, if he had gone to a motion to, well, that's right, he really couldn't. I mean, he couldn't even force the court, he couldn't even test it. That's what counsel is saying. I can't even test this finding of that it's frivolous, and you haven't heard any ora tenis evidence. Remember, we always talk about you can test a lie. That's why we defer to district court judges all the time, because we weren't there, we didn't hear. It was never tested by me saying, Judge, listen to what I'm saying. You may have a different view. No, I don't need to hear you. It's frivolous. He had no choice but to do it, perhaps. There's another way to do it. I mean, I used to practice criminal defense law, and I'm not going to be a lawyer here, but I think there's a way to preserve it without going as far as he did, perhaps. But he has no choice. I see that I'm over time. May I briefly answer that question? Yes, sure. Thank you, your honor. He actually does have a choice. He could have stipulated to the elements of the crime and appealed to this court the district court's denial of his hearing on the motion to dismiss, and then we would be here on that motion. And that was his choice, but he didn't make that choice. He made a different choice. Instead of accepting responsibility and stipulating to the elements of the crime, he decided to test the limits of his suppression motion at trial, and he's entitled to make that choice, but the choice has a consequence, and the tradeoff to making that choice is that the district court had discretion to then deny him his acceptance points, which is what happened here and was within the great deference afforded to the district court and should not be disturbed on appeal. I'm sorry, can I ask just one last question? So your colleague says he really couldn't do what you suggest, which would be to stipulate, have a stipulated bench trial, and then appeal because the government would then argue you waived your right to a hearing when you didn't use a trial to cross-examine witnesses. Do you have a response to that? We disagree with that, your honor, and we agree with what your honor indicated would be your response if that were to occur. In fact, the Fifth Circuit in the Harrah, which is a case we cite in our brief, addressed this very issue, and a defendant can go to a stipulated bench trial, stipulate to all of the elements of the offense in order to conditionally appeal, and that the defendant will not be deemed to have waived his right to appeal the motion to suppress. That's what the Fifth Circuit said in the Harrah, and that would be my understanding of how prosecutors in my district would handle that. We would not contest acceptance points under the facts and circumstances of those cases. I see I'm over time. Thank you very much. We would ask the district court's decision to be affirmed. Thank you, Ms. Taylor. It's the shift of the minute. I want to start with where the government ended. Harrow actually clarified, right? The court in Harrow said, we want to make this clear because it might not have been clear before, that a defendant can do this, and they're not going to waive the right to appeal. This court hasn't said that, and the government certainly would be within its rights, I think, to argue that Mr. Cheatwood waived something by failing to ask questions at a hearing where the government asked questions directly related to what he was trying to do. But if you had stipulated to everything, why would the government have been there asking questions of its witnesses? There's not a record of what the government asked Mr. Cheatwood to stipulate to. There's a record of what he did stipulate to. So this record doesn't say. But you are conceiving of a bench trial in which your client stipulates to all of the elements, and then the government shows up and puts on a case, calls witnesses, and examines them, and then you would be held to have waived by failing to cross-examine. That's the picture in your mind? I don't think that. I think if Mr. Cheatwood had stipulated to everything, I don't know that the government would have agreed to that, and I'm sure that they would have, but we don't have it in the record here that the government said, I would like Mr. Cheatwood to stipulate to everything. The case law is also clear, though, that stipulating to things is, again, not necessary for acceptance or responsibility. So we can talk a lot about stipulating, but Mr. Cheatwood could have stipulated to nothing and said nothing. And if he had said nothing and stipulated to nothing and not made any arguments or questioned anybody, would this court be saying he's not entitled to acceptance or responsibility simply because he didn't stipulate? I don't think this court would say that. Well, your motion to suppress is preserved, isn't it? You made your motion and it was denied. Why is that not preserved? Well, I think that is correct. Well, then, in trial, what difference does it make if you said, well, Your Honor, we're here. I don't know why you're here, but we're here and we stipulate to this fact. How about, yeah. Did he have to do it at all? At the opening statement, I believe we said, the only reason we're here is the government didn't offer a conditional plea. Let me ask you this question. Your colleague says that it was clear, and the record seemed to indicate, that he was a warrant, was outstanding. Why wouldn't you know that this is a loser? Mr. Cheatwood, essentially, it was a weak motion. I'm not talking about Mr. Cheatwood, I'm talking about counsel. Counsel, right. Why wouldn't you know that this is a loser? It was a weak issue. No, no, a loser. But I don't think it was frivolous. No, a loser. It is a loser. Well, then, why, if you know it's a loser, why would you jeopardize two points? I think that, ultimately, the decision, though, comes down to not me. It comes down to, I believe my client. Yeah, but. And here. I know that's an awkward question, but that seems to me, because you don't refute what she said. She says, pretty much clear to me. Normally, it's one of those things like, well, it was a tie and a weave over. No, I didn't do that. That's not true. They didn't see an infertive action in the car. No, the warrant was right here on record. And, therefore, that gives a police officer the right to say, whoop, whoop, got a warrant for you. I don't care what you're doing or not doing. Come with me. If that's the facts of the case, why would you jeopardize two points and accept the responsibility by going to trial, stipulating to everything to preserve what? You wanted two points. You're not even here today challenging the denial of the motion to suppress, nor hearing. You're here solely to challenge the two points.  So, if the two points were that important, why would you not see there was a loser? I won't say frivolous, because that's a kind of majority, but it's a loser. It definitely is a loser of an issue. Not an issue, it's a loser of the relief you asked. But did it really matter? Because the judge's first job is to calculate the advice of the guidelines. And so, two points, much to your chagrin, were added. And then the next thing the judge has got to do is decide a sentence that's sufficient but not greater than necessary with regard to the statutory factors. You argued for 37 months, mitigating circumstances. Your client, very eloquent in his remarks to the court. The court didn't think the guideline advice range was appropriate. If I recall, she went down to 50. Correct. So, doesn't that make whatever mistake, if there was one, harmless? It would if the court, I believe, indicated that it would have given the same sentence otherwise. And we don't have that here. And this court has specifically said, in Wilson, which is an unreported case, but it cites to Medina and Martinez, that generally an error in the calculation of the guidelines is sufficient to at least show a reasonable probability that the sentence would have been different. And so here, the anchoring guidelines were two points higher. And the court started its sentence there. And what we also don't have, really, what would have happened if he had gotten credit for acceptance of responsibility, I think the court would have acknowledged and credited the fact that he, early on, confessed to police, the fact that he admitted to probation what he had done, and the fact that he allocuted at sentencing. And so all of those things happened, which is typically what happens when somebody pleads guilty. The only difference is he didn't plead guilty. And I just want to respond a little bit to, Mr. Cheawood didn't decide to go to trial to litigate the motion of suppress. He went to a bench trial, where most of it was stipulated to. The government began calling witnesses and questioning witnesses about facts that were directly contested by him in his motion to suppress. And so the government elicited these statements. And in cross-examination, he contested, or he contested that theory, essentially, tested those claims. He didn't decide to litigate the issue. Mr. Cheawood did not subpoena anybody to the trial. Why didn't you object to those witnesses? He said, listen, it's stipulated that he had a warrant, and that's why he had the gun. You could have objected to those witnesses, right? I think we could have objected, but then we run into the same problem, where if one of the things we wanted to appeal was the court denying a motion to suppress without a hearing that is largely based on the credibility of officers who did not testify or the court did not hear from. If we objected to those questions, I think then the government might also have said, okay, well, you objected to that, so why is it that you're claiming you should have been able to test it? Because you had that opportunity, and you said no. Do you feel like you imposed on the district judge in your cross-examination to delve, were you given the opportunity? That motion had already been decided, but you now take this moment and seize it and seek to develop it. I would imagine you were asking a lot of questions outside the scope of the direct. No, I believe my recollection, again, is that the government essentially bolstered the record that it made in responding to our motion to suppress. And so the government called witnesses, and most of the cross-examination, the length of it, I believe, was about the dispatch officer, again, who's not necessary to the question of whether Mr. Shulman possessed a gun, because they can get the fact that he's driving this vehicle, there's a gun in the back seat, and then he confesses to doing it. So the government took the opportunity as well. We can talk about the defense relitigating this. The government bolstered its record, and the defense questioned those witnesses solely related to suppression. So I do wanna just make sure I'm understanding your argument. In your view, the government was sort of, I mean, just having read the record on what we, I think, have all now agreed as a loser suppression motion, you think it's nevertheless the case that the government was like, the first thing we gotta do at this trial is bolster our case on suppression. I'm just not seeing that. I don't think that's what the government was necessarily trying. I don't know what the government thought of that. I think probably the government thought, and I feel like I've read so many of these felon in possession cases, the government always does put on a kind of long narrative of how they came to find the gun in the possession of the defendant if the defendant isn't stipulating to possession. Usually that happens in jury trials. I don't think it was necessary at all for a bench trial, particularly where the government has elicited, has essentially asserted most of these facts in its motion to the court. It just seems, I really am struggling to wrap my head around this idea that your client doesn't stipulate to the element, so now the government is put to the burden of putting on a case, and now the argument is, like they should have put on less of a case. I think this places too much emphasis again on stipulating, because the case law is clear. No, I understand that a stipulation is not required for acceptance, but if you don't stipulate, you have put the government to the burden of proving possession, and now you're standing here saying they should have put on less of a case. Do you really get to pick? I don't think we get to pick, but I think when the government bolsters its suppression, its response to a motion to suppress, I think Mr. Cheatwood is faced with in this case, say nothing and potentially wait. There's overlap between suppression and possession. There just is, and so I don't understand how it can be the case that the defendant can put the government to the burden of proving possession, but be careful you can't put on anything that relates to the overlapping facts related to suppression. It's bad enough that the government is put to the burden, but now to have the way the government prosecutes its case have to take account of not using facts that are relevant to possession if they might also be relevant to suppression. It's not that the government doesn't. Did I say that wrong? I don't think the government has to make that decision, but I think that when the government does, Mr. Cheatwood is also faced with a decision as well, which is do I say nothing and potentially waive this issue? The only reason we're having this is to waive it, or do we question against? Yes, the government was put to its burden. Mr. Cheatwood confessed to police and after being Mirandized that essentially he was in possession of the firearm. The firearm is found in the back of the vehicle that he's driving. It's a pretty strong case for the government, and the focus of the defense's questions at trial was entirely about how the police came to see him, whether or not they recognized him and knew that he had a warrant. Again, if he did, Utah versus Drief, it's pretty clear that any search there is gonna be fine, but whether the police were misleading when they indicated how they came to stop him, and the court decided to deny that motion without ever hearing from these officers. Does that make a difference? You can't suppress yourself. It was a hunch. I think that looks like the guy who has a warrant. But if, in fact, he is that person, he can't suppress himself. Do you mean you are the person? When you talk like, well, we're gonna see whether you really know him. Does that matter in a motion to suppress? And when they have a warrant? I can just say, you know, I think that's him, that guy. The person I think had blonde, but this person has brunette. And then you go there and say, oh, it is him, but I thought it was him. It doesn't matter, does it? It doesn't matter. You can't suppress yourself. You can't suppress yourself. If the officers, though, were misleading or untruthful about how they came to recognize Mr. Cheatwood, then other parts of their conduct also could be called into question. And the story about how they stopped him. Like they put the gun in the back seat, that kind of thing? No, but if the other conduct from the officers might have been problematic as well. If they're lying about one thing, there's a jury in charge at one point. If you're lying about one thing, you might be lying about others. Oh, okay. So you really were looking for to try to get a bite at this trial and find some opening for it. I think you pretty much made that kind of clear. All right. Any other questions? Counsel, did I catch you in the middle of the sentence? I think you might have, but I don't know what I was saying. You don't know what you said? Okay. That's fine. Thank you. Thank you both, Counsel. I appreciate your audience. I will come down and greet Counsel and proceed to our final case for the morning.
judges: Roger L. Gregory, Pamela A. Harris, Louise W. Flanagan